Davis & Bro. v. Woolnough.

*Appeal from the Lee District Court.*

WEDNESDAY, JUNE 15.

*Rankin, Miller & Enster*, for the appellants.

*Clagett, Brown & Clagett*, for the appellees.

---

DAVIS & BRO. v. WOOLNOUGH.

1. LAW UNCONSTITUTIONAL. Chapter 16 Laws 1858, entitled "an act to repeal an act revising and consolidating the laws incorporating the city of Dubuque, and to establish a city court therein," approved February 10th 1858, is within the constitutional prohibition of special legislation, and is void.

2. SPECIAL LEGISLATION. The legislature has no power under the constitution of 1857, to enact, amend, or repeal laws, incorporating towns or cities.

3. INCORPORATION: AMENDMENT: REPEAL. The charter of a municipal corporation can be amended or repealed only by the municipality, acting under the provisions of a general law for that purpose.

4. LAW CONSTITUTIONAL. Chapter 210, laws 1856–7, entitled "an act for revising and consolidating the laws incorporating the city of Dubuque, and to establish a city court therein," approved February 28th 1857, does not contain two objects and is constitutional and valid.

5. DUBUQUE CITY COURT: GRADE. The city court contemplated by said act is inferior to the Supreme Court.

6. *Ex parte Pritz, supra,* cited and followed.

### Appeal from the Dubuque City Court.

### WEDNESDAY, JUNE 16.

A plea to the jurisdiction of the city court was overruled, and judgment being thereupon rendered for plaintiff, defendant appeals.

*Bissell, Mills & Shiras, H. A. Wiltse & H. A. Jennings,* and *W. T. Utley,* for the appellees.

*D. S. Wilson, N. Barker,* and *B. W. Poor,* for the appellants.

WRIGHT, C. J.[1]—The city court of Dubuque was established by chap. 210, laws of 1856–7, entitled "an act for revising and consolidating the laws incorporating the city of Dubuque and to establish a city court therein." The last section of this act provides that it shall be published in certain newspapers, after which it was to be submitted for the approval of the electors of said city, at an election to be held on the first Monday in March, 1857. If a majority of the electors voted in *favor* of the charter, then the act was to take effect from and after its publication in two newspapers named; if against it, then it was not to be in force, " until after the next session of the General Assembly of the State of Iowa." On the 10th of February, 1858, this act was repealed. *Ch.* 16, *Laws of* 1858, *p.* 20. The judge of said city court provided for in sec. 29, of said chap, 210, was elected on the first Monday in April, 1859. From this statement it will be seen that the question presented is, whether the repealing act of February 10th, 1858, is valid and constitutional; for if so, it is conceded that there was no power to elect the city judge, and as a consequence that the city court had no jurisdiction to hear and determine this, or any other case.

1. STOCKTON, J., dissented from the majority of the court, but never a filed dissenting opinion.

We do not see that the case differs in principle from that of *Ex parte Pritz, supra.* It was there held that since the adoption of the present constitution, the General Assembly had no power to *amend* an act incorporating a city or town in this State; that all laws upon this subject were to be of a general nature, and that this prohibition extends to amendments made to special acts of incorporation adopted and in force, prior to the taking effect of said constitution. The same reasoning which denies the power to amend must necessarily, as it seems to us, lead to the conclusion that there is no power to repeal. If the design of the constitution was to take from the General Assembly the power to engage in special legislation, and to leave to cities and towns the control of their own municipal affairs, subject to the constitution and the general laws of the State, then it would be violated in its letter and spirit as much by repealing as by amending such special acts. It is as practicable for the legislature to pass a general law under which all cities and towns may proceed to repeal their previous charters, and substitute others of their own formation or creation, as to give them general power to amend, change, or modify such charters. Without extending the argument thereupon, we refer to the case cited, as sufficiently covering the question here involved. Appellants suggest that the act of 1857 was repealed before it took effect, and that the legislature certainly had the power to do this. This argument assumes that the law was not perfect, but needed something else to be done by some department, legislative or otherwise, before it had full and entire vitality; and in this assumption lies its fallacy. The law was perfect in all its parts, so far as legislative or executive action could make it so, when it passed from the hands of the legislature; time only was wanting to make it take effect, and it required the same sovereign power to repeal or prevent it from taking effect, as it did to enact it, whether this power was exercised before or after the next session of the General Assembly. The objection to such legislation, lies in the fact that it is special in a case where the constitution, as we hold, has ex-

pressly required that it shall be general and of uniform operation; and it can make no difference in principle, whether the power thus inhibited, is attempted to be exercised before or after the special law takes effect. A general law can be made applicable, and a special one is therefore prohibited. It is also urged that the act attempted to be repealed, is invalid, because it contains more than one object; that more than one is contained in the title, and that it therefore violates sec. 26, of act 3, of the old constitution. The title is, " an act for revising and consolidating the laws incorporating the city of Dubuque, and to establish a city court therein." We do not think that this method of legislating violates the article referred to. The concluding part of the title might have been omitted, for that preceding was sufficiently broad and expressive to authorize a provision for a city court. A law might be invalid for want of compliance with this section, if it contained matter not expressed in the title, but it would not be where the title contains more than is necessary to point out the object of the law. The city court provided for in this act, is not an unusual tribunal, certainly in such municipalities. It is entirely germane with the object of the act. The object was to give to the citizens of the locality named therein, a city government, to provide for a power to make, declare and execute the laws, and this court is but a part of the machinery to carry out this object.

It is finally urged that the constitution provides that the judicial power of this State shall be vested in a Supreme Court, District Court and such other courts inferior to the Supreme Court, as the General Assembly may from time to time establish; that this city court has within certain limits concurrent jurisdiction with the District Court, and is therefore not an inferior court within the meaning of the constitution. To this argument there are several answers, but a conclusive one lies in this fact, that the act does not give concurrent jurisdiction to this city court. In some respects, or over some matters, it does. It has original jurisdiction of all offences under the city ordinances; the District Court has

not.   It has no jurisdiction in criminal cases, except such as are triable before justices of the peace; the District Court has.   In civil cases the jurisdictions are concurrent within certain geographical limits.   But certainly a court may be provided for, having *concurrent* jurisdiction with the District Court, or justices of the peace, and still be *inferior* to the Supreme Court, without violating the constitution.

Judgment affirmed.