Hetherington v. Bissell et al., and Baker v. The Same.

<hr />

HETHERINGTON v. BISSELL *et al.*, and
BAKER v. THE SAME.

1. DUBUQUE CITY COURT.—Chapter 16, Laws of the seventh session of the General Assembly (1858) is unconstitutional.
2. GRADE OF COURTS. The legislature is limited, by the constitution, in the establishment of courts to those that are inferior to the District Court.
3. AMENDMENTS OF THE CHARTERS OF MUNICIPAL CORPORATIONS. The constitution of 1857 leaves the power to amend the charters of municipal corporations with the people composing them.
4. *Ex parte Pritz*, 9 Iowa 30, and *Davis & Bro.* v. *Woolnough*, Ib. 104, cited and approved.

Hetherington v. Bissell et al., and Baker v. The Same.

*Appeal from the Dubuque City Court.*

TUESDAY, DECEMBER 13.

THESE cases involve substantially the same questions as those decided in *Davis & Bro.* v. *Woolnough,* 9 Iowa 104. Some further positions were presented by counsel for the defendants and appellants, which will be found sufficiently stated in the opinion.

*F. E. Bissell* for the appellants.

I. The law establishing a city court in the City of Dubuque and conferring upon such court jurisdiction in civil and chancery cases (within certain limits) with the District Court, with appeals direct to the Supreme Court, with no supervisory power in the District Court, is in conflict with, and in violation of the constitution of the State, and therefore null and void. Old Const., article 5 section 1, 4 Gray 201, 22 Barb. 271, 2 Ker. 593, 4 Texas 96, Acts of 1857 page 355, sections 28 to 36, 2 Scam. 269, 1 John. C. 179.

II. An inferior court is one from which an appeal lies to a superior court, and over whose proceedings the superior court has some supervisory power or control. Courts are supreme, superior and inferior—see 5 Cranch. 173, 17 Barb. 506, Bouvier's Law Dict. 325.

III. The law of 1857 has never taken effect. The submission to a vote of the people was unconstitutional, and the legislative mind has never fixed a time for it to take effect. 23 Barb. 349, 4 Seld. 490.

IV. The act repealing the charter of the City of Dubuque, establishing said court, is valid, and does divest the said city court of all power to render judgment in cases in law and chancery if it does not entirely abrogate the said city court. Acts of 1858, page 20; Article 5 section 1, New Constitution.

*Samuels, Allison & Crane,* and *Wiltse, Friend & Jennings* for the appellees, cited 4 Seld. 490, 24 Barb. 490, Sedg. on Stat. & Const. L. 229, 246.

WRIGHT, C. J.—We do not propose to re-examine the questions decided in the case of *Davis & Bro.* v. *Woolnough,* 9 Iowa 104. A brief reference will be made to some further considerations now presented by counsel.

It is claimed that the act of 1857, providing for the incorporation of the City of Dubuque, is divisible, and that the repealing act of 1858 may be and is constitutional as to so much of the charter as provides for a city court, though unconstitutional as to the other part. The act of 1858, in a few words, but expressly, repeals the acts of 1857, or at the least this was the design and intention. By the charter the power and right to exercise the corporate privileges therein granted, the administration of the fiscal, prudential, and municipal affairs of the city, and the conduct, direction and government thereof are vested in part in the city judge or the city court. To strike out this part of the charter by holding the repealing act valid, would be to strip the corporation of one of the modes adopted by the legislative will, for giving efficiency to the municipality created, and leave it without a department deemed essential to its completeness. The act giving the charter is an entirety. It is repealed in the same way. A court vested with the powers given to that provided for in this charter, if not a necessary, at least is not an unusual incident to a city government. Then, if the legislature could repeal a portion of a city charter in this method, so it could by expressly providing for the repeal of specific portions; and then upon the same ground amendments could be made, new powers be conferred, and old ones taken away, in time the essential features be changed, and the intention of the constitution, as we interpret it, be entirely defeated. The inhabitants of the city are as competent to amend the charter in this respect as in any other. As we have seen in the cases of *Davis & Bro.* v. *Woolnough, supra,* and *Ex parte Pritz,* 9 Iowa 30, the intention of the constitution was to leave power over these subjects with the local governments, or the people composing them.

The argument that the court is not an *inferior* one, within

the meaning of the constitution, and therefore could not be created, is now stated in this form: That an inferior court is one from which an appeal lies to a superior, and over which it (the superior) has a supervisory power and control, that no appeal lies from the City to the District Court, and the latter has no supervisory control over the former, and therefore it is not inferior. But the language of the constitution is not that the courts not named, and which the legislature have power to establish, shall be inferior to the *District*, but to the *Supreme* Court. The constitution gives the Supreme Court supervisory control over all inferior judicial tribunals, and the act incorporating the city and creating the city court provides for appeals direct to this court.

It is claimed that by article 12, section 2, of the New Constitution, the power of the legislature to *repeal* this charter is retained. The argument is that the act of 1857, was not to take effect until after the meeting of the General Assembly next after its passage; that this section continues in force all laws not inconsistent with the constitution, until they shall expire or be repealed; that this law was repealed and therefore it is at an end. The force of the argument we do not appreciate. All of the propositions stated may be true, and yet the conclusion be unwarranted, unless the *repeal* was a valid one. To concede this would be to yield the whole argument, and to insist upon it as true, is to claim the very point in controversy. The repealing act is invalid, because it is legislation upon a subject inhibited by the constitution, and therefore it can not put an end, as counsel expresses it, to the act attempted to be repealed. The argument made by appellants, if sustained, would give the legislature authority to repeal every town or city charter existing at the time of the adoption of the constitution. And this is exactly what we decide can not be done.

Judgment affirmed.