[Crim. No. 339.  Second Appellate District.—July 3, 1914.]

In the Matter of the Application of V. MASCOLO, for a Writ of Habeas Corpus.

FISH AND GAME LAW—DIVISION OF STATE INTO DISTRICTS—TITLE OF ACT.—The act of June 16, 1913 (Stats. 1913, p. 988), entitled "An act to amend an act entitled 'An act to divide the state of California into six fish and game districts,' approved March 21, 1911, by adding a new section thereto," is unconstitutional, for instead of merely adding a new section, the act purports not only to divide the state into seven fish and game districts, but in fact otherwise materially changes and amends every section of the original act of 1911 (Stats. 1911, p. 425).

ID.—VOID AMENDATORY STATUTE—EFFECT ON ORIGINAL ACT.—Such act being void, it is inoperative for any purpose and effects no change whatsoever in the original act of 1911, whereby Los Angeles County was designated as being in the sixth fish and game district.

ID.—SECTION 636½ OF PENAL CODE—UNIFORMITY OF OPERATION—SPECIAL OR LOCAL LAW.—Section 636½ of the Penal Code, enacted in 1913 pursuant to section 25½ of article IV of the constitution authorizing the legislature to create fish and game districts and enact such laws for the protection of fish and game therein as it may deem appropriate to the respective districts, which section provides that "every person who at any time shall cast, extend, set, draw, use, or continue or assist in casting, extending, setting, drawing, using, or continuing any paranzella, or trawl net for catching fish shell-fish, shrimp, or crabs in the waters of fish and game district six or in the waters of Monterey Bay, shall be guilty of a misdemeanor," is not in contravention of section 11 of article I of the constitution requiring that "all laws of a general nature shall have a uniform operation"; nor of subdivision 2, section 25 of article IV, which prohibits the passage of local or special laws "for the punishment of crimes or misdemeanors."

ID.—TITLE OF ACT MORE COMPREHENSIVE THAN ACT ITSELF.—Nor does such act contravene section 24 of article IV of the constitution, which provides that "every act shall embrace but one subject, which subject shall be expressed in its title." While the title prohibits the use of lompara, paranzella, trawl or drag nets, the inhibition in the body of the act is directed to paranzella and trawl nets only; but the fact that the title is broader than the act itself does not render the act obnoxious to the section of the constitution in question.

ID.—STATUTE VOID IN PART—WHETHER INVALID IN TOTO.—Although a statute may be invalid or unconstitutional in part, the part that is valid will be sustained if it can be separated from that part which is void.

ID.—SPECIAL LAW FOR PUNISHMENT OF CRIME—SECTION 636½ OF PENAL CODE.—Such section 636½ of the Penal Code is not invalid because of subdivision 2, section 25 of article IV of the constitution prohibiting the legislature from passing local or special laws for the punishment of crimes and misdemeanors, since that provision of the constitution is qualified and limited by section 25½ of article IV, subsequently adopted.

ID.—INTERPRETATION OF CONSTITUTION—REPUGNANT PROVISIONS.—A construction which raises a conflict between parts of a constitution is inadmissible, when by any reasonable interpretation they may be made to harmonize, and in case of irreconcilable repugnancy the provision last in order of time should prevail.

APPLICATION for a Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

C. W. Pendleton, for Petitioner.

J. D. Fredericks, District Attorney, and John L. Richardson, Deputy District Attorney, for Respondent.

SHAW, J.—Petitioner was arrested and held upon a warrant charging him with a violation of the provisions of section 636½ of the Penal Code.

Section 25½ of article IV of the constitution, which was adopted in 1902, provides: "The legislature may provide for the division of the state into fish and game districts, and may enact such laws for the protection of fish and game therein as it may deem appropriate to the respective districts." Pursuant to this provision the legislature adopted an act, approved March 21, 1911 (Stats. 1911, p. 425), entitled: "An act to divide the state of California into six fish and game districts." In 1913 this act was amended by an act approved June 16, 1913, entitled: "An act to amend an act entitled 'An act to divide the state of California into six fish and game districts,' approved March 21, 1911, by adding a new section thereto." (Stats. 1913, p. 988.)

Petitioner attacks this act claiming that it is unconstitutional and void. According to the title, the only change proposed in the amendment was the addition of a new section to the act of 1911, otherwise leaving it as originally enacted. Instead of merely adding a new section, the bill purports not only to divide the state into seven fish and game districts, but in fact otherwise materially changes and amends every section of the act of 1911. There was nothing in the title to indicate any such intent or purpose. The act itself is confusing in that the proposed new section is to be numbered seven, while the act which it was proposed to amend contains a section so numbered. The subject of the amendment was not expressed in the title, which, in view of the attempted legislation, was well calculated to mislead and deceive both the public and the members of the legislature. We, therefore, hold the act of 1913 to be void. (*Ex parte Liddell*, 93 Cal. 633, [29 Pac. 251]; *Wood* v. *Commissioners*, 58 Cal. 561.) Being void, it was inoperative for any purpose and effected no change whatsoever in the act of 1911 (*Lewis* v. *Dunne*, 134 Cal. 291, [86 Am. St. Rep. 257, 55 L. R. A. 833, 66 Pac. 478]), whereby

Los Angeles County was designated as being in the sixth fish and game district.

The legislature having by the act of 1911 divided the state into six districts, proceeded as authorized by section 25½ of article IV of the constitution to·adopt a law deemed appropriate for the protection of fish and game in the counties comprising the sixth district. This act, entitled: "An act to add a new section to the Penal Code of the state of California, to be numbered six hundred and thirty-six and one-half, to prevent the use or possession of lompara nets, paranzella nets, trawl or drag nets, and providing the penalty therefor," (Stats. 1913, p. 979) provides that "Every person who at any time shall cast, extend, set, draw, use, or continue or assist in casting, extending, setting, drawing, using, or continuing, any paranzella or trawl net, for catching fish, shellfish, shrimp, or crabs in the waters of fish and game district six or in the waters of Monterey Bay shall be guilty of a misdemeanor, and upon conviction shall be punishable by a fine of not less than two hundred and fifty dollars, or by imprisonment in the county jail in the county in which the conviction shall be had, not less than one hundred and twenty-five days, or by both such fine and imprisonment."

Petitioner insists that section 636½ of the Penal Code, under which he is charged with the offense, is unconstitutional for the reasons: 1. That it is special and class legislation; 2. That it is not uniform in its operation; and 3. That it is in contravention of certain provisions of the constitution, to wit: (a) section 11 of article I, requiring that "all laws of a general nature shall have a uniform operation"; (b) section 24 of· article IV, which provides that "every act shall embrace but one subject, which subject shall be expressed in its title"; and (c) subdivision 2, section 25 of article IV, which prohibits the passage of local or special laws "for the punishment of crimes or misdemeanors." These objections to the validity of section 636½ are largely answered by the constitutional provision which in express terms authorizes the legislature to create fish and game districts and "enact such laws for the protection of fish and game therein as it may deem appropriate to the respective districts." The law as passed, in so far as it affects petitioner, applies with uniformity to all persons within the sixth district, and while local in that it applies to such district alone, it is not special, since

it applies to the entire district. The validity of the act, in so far as it purports to legislate for that part of the fifth district consisting of Monterey Bay, is not here involved. Even were it conceded to be special legislation as to the fifth district, such fact does not affect the validity of that part of the act applicable to the sixth district. The rule is that, although a statute may be invalid or unconstitutional in part, the part that is valid will be sustained where it can be separated from that part which is void. It is not obnoxious to section 11 of article I, since, as stated, it does not purport to be a general law applicable to the entire state. Section 24 of article IV is directed against the omission to express the subject of the legislation in the title, not to the fact that the title is broader than the subject of the act. "A law might be invalid for want of compliance with this section, if it contained matter not expressed in the title, but it would not be where the title contains more than is necessary to point out the object of the law." (*Davis & Bro.* v. *Woolnough,* 9 Iowa, 104.) While the title prohibits the use of lompara, paranzella, trawl or drag nets, the inhibition in the body of the act is directed to paranzella and trawl nets only. The fact that the title is broader than the act itself does not render the act obnoxious to the section of the constitution here invoked. (*Boyer* v. *Grand Rapids Fire Ins. Co.,* 124 Mich. 455, [83 Am. St. Rep. 338, [83 N. W. 124].)

Petitioner insists that by subdivision 2, section 25 of article IV, the legislature is prohibited from passing local or special laws "for the punishment of crimes or misdemeanors." This provision is general, and in point of time precedes the adoption of section 25½ of article IV, which is special. A construction which raises a conflict between parts of the constitution is inadmissible when by any reasonable interpretation they may be made to harmonize, and in case of irreconcilable repugnancy the provision last in order of time should prevail. Says Judge Cooley in his work on Constitutional Limitations (p. 92) : "One part may qualify another so as to restrict its operation, or apply it otherwise than the natural construction would require if it stood by itself; but one part is not to be allowed to defeat another, if by any reasonable construction the two can be made to stand together." It is clear that in adopting the later provision the intention was to qualify and limit the effect of subdivision 2 of section

25, thus giving the legislature, as therein stated, the power to enact penal laws, and provide for the enforcement thereof, appropriate to the several fish and game districts throughout the state. Even if the provisions should be deemed repugnant, then the one first in point of time must yield to the later. If in one section a power is specifically conferred or a duty specially enjoined, which in general terms is prohibited by other sections, the power or duty specially conferred or enjoined constitutes an exception to the general rule. The direction to employ the power or discharge the duty in the particular instance is as mandatory as the general prohibition. (*San Francisco etc. R. R. Co.* v. *State Board,* 60 Cal. 12.)

Petitioner's objections to the validity of the act under which the warrant for his arrest was issued are highly technical and, in our opinion, without merit. It is, therefore, ordered that the petition be dismissed and petitioner remanded to the custody of the sheriff.

Conrey, P. J., and James, J., concurred.