[No. 8798.]

## THE PEOPLE EX REL. V. RAMER, SECRETARY OF STATE.

1. PRACTICE—*Evidence Upon the Hearing of a Demurrer,* no rule of procedure admits. (425.)

2. EVIDENCE—*Matters Not Alleged.* The legislative journals are not admissible in an inquiry as to the enactment of a statute, where the record contains no averment of their contents. (425.)

3. —— *Judicial Notice,* not taken of the legislative journals. (425.)

4. CONSTITUTIONAL LAW—*Referendum.* An act declaring that every sentence and clause thereof is ''necessary for the immediate preservation of the public peace, health and safety,'' cannot be referred to the people.

The clause in question, commonly called the safety clause, may be enacted by a mere majority vote. In the absence of the emergency clause, the statute, in such case, takes effect after ninety days from the adjournment of the session. (426.)

*Error to Denver District Court.* Hon. JOHN A. PERRY, Judge.

Mr. JOHN W. HELBIG for plaintiffs in error.

Hon. FRED FARRAR, Attorney General, and Mr. WENDELL

STEPHENS, Assistant Attorney General, for defendant in error.

Mr. Justice HILL delivered the opinion of the court.

The record discloses that the Twentieth General Assembly passed an act relating to intoxicating liquors, the substance of which is supplemental to, or in aid of, the enforcement of an amendment to the Constitution adopted 'at the November 1914 election, pertaining to intoxicating liquors after January 1, 1916. The act provides penalties for its violation and was to become operative and be in full force and effect from and after January 1, 1916. Section 31 is what is known as the safety clause. It recites that "the General Assembly hereby finds, determines and declares that this act and each and every sentence, phrase, clause, section and sub-section thereof is necessary for the immediate preservation of the public peace, health and safety." The act does not contain the emergency clause; it was approved March 3, 1915. Within the time allowed by the Constitution, a petition in due form praying for the reference of sections 1 to 30 of this act, signed by 20,235 qualified electors, was tendered to the Secretary of State. This he refused to accept, whereupon the plaintiffs in error, as the representatives of the petitioners, instituted this action in mandamus to compel the Secretary of State to receive, file and comply with the prayer contained in the petition. A demurrer was sustained to the alternative writ. The petitioners declining to plead over, the action was dismissed.

In *Van Kleeck v. Ramer, Secretary of State*, decided April 3, this year, 156 Pac. 1108, we held that the declaration of the legislature contained in the act that it was necessary for the immediate preservation of the public peace, health and safety is conclusive upon the courts and that in such case they cannot review the question so as to allow the referendum petition. Counsel concede that such is the hold-

ing in the former case, and is applicable to the facts here, but makes the further contentions: First, that section 31 of this act was not passed by the General Assembly, hence became no part of it. Second, that the Secretary of State has no right to determine whether any act is of the kind or class that is subject to reference. And Third, that there does not and cannot exist, separately, what are known as the safety and emergency clauses; that it is impossible to conceive of the two separate and distinct from each other, and that the adoption of our Initiative and Referendum amendment to the Constitution, it was intended that the safety clause, so-called, and the emergency clause should be one and the same; that any other position will lead to illogical results, for which reason the safety clause not having received a two-thirds vote, failed of its passage, which leaves the bill the same as though it had never been inserted, for which reason it was subject to reference.

The contention concerning the passage of section 31 of the act and what the Senate and House Journals show concerning it, other than that the bill, as passed did not receive a two-thirds vote, was not alleged in the petition, nor stated in the alternative writ, which was demurred to. During the argument upon the demurrer, counsel for the petitioners ask leave to amend the alternative writ, so as to have it state what he now contends, the House and Senate Journals show concerning these matters. The court sustained an objection to this request because it would make a different pleading than the one demurred to, stating to counsel that he could confess the demurrer, and amend his petition if he wished to. This, counsel did not do, but took exceptions to the ruling and then offered as evidence to sustain his position the printed journals of the Senate and House of the session at which this bill was passed. Objection was sustained to the admission of these journals for consideration upon the demurrer.

Assuming, *arguendo*, that in a proper case the printed journals are admissible, we find no error in the ruling in this respect and for which reason are of opinion that the question of the contents of the journals, other than that the bill did not receive a two-thirds vote, are not before us for consideration. If the petitioners desired to plead and prove the contents of the journals, the opportunity was given them to do so by pleading over and raising these questions. This, they declined to do. Likewise, we know of no rule of procedure which permits the introduction of evidence in a hearing on a demurrer. In the absence of pleadings raising such questions, it is not incumbent upon our courts to take judicial notice of the contents of legislative journals. *Marean v. Stanley*, 21 Colo. 43, 39 Pac. 1086; *Peckham v. The People*, 32 Colo. 140, 75 Pac. 422; *Anderson v. Grand Valley Irr. Dist.*, 35 Colo. 525, 85 Pac. 313; *Rio Grande S. Co. v. Catlin*, 40 Colo. 451, 94 Pac. 323.

We agree with counsel that as a general rule, the duties of the Secretary of State are ministerial, but this fact, instead of permitting him to accept the petition and refer the bill as therein prayed for, made it his duty as a ministerial officer to refuse it. The act had attached thereto as a part of it, the safety clause, and for this reason could not be referred. In *Re Senate Resolution No. 4*, 54 Colo. 262, 130 Pac. 333; *Van Kleeck v. Ramer, Secretary of State, supra*. It was not incumbent upon the Secretary of State to determine the effect of the safety clause, in the absence of the emergency clause, or the necessity of the safety clause, because the penalties provided in the bill did not go into effect until January 1, 1916, about ten months after its passage. According to the plain language of the act, it was not referable, hence the ministerial duty of the Secretary of State was to act accordingly.

Regardless of what may or may not be the rule in other jurisdictions, it is evident (as this court has heretofore in-

timated, if not decided) when the history of our Constitution is considered, that the amendment to section 1 of article V adopted at the November 1910 election known as the Initiative and Referendum amendment was not intended to repeal that portion of section 19 of article V requiring a two-thirds vote of the General Assembly, in order to have an act go into effect at once, viz., to adopt the emergency clause; the two sections must be considered and construed together; when thus done, as heretofore stated in *In Re Senate Resolution No.* 4, 54 Colo. 262, 130 Pac. 333, we have the safety clause, which is a part of the act and which can be passed by a majority vote, in which case the act is not subject to reference, and without the emergency clause being attached would go into effect ninety days after the adjourn-ment of the session at which it was passed. We have also the emergency clause contained in section 19, article V, to be construed in connection with the safety clause provided for in section 1 of this act, and when it is attached to an act containing the safety clause, it goes into effect immediately upon its approval. What might be the effect where an act is passed with the emergency clause but without the safety clause can well be left for determination until a case involving that question is before us. The act under consideration contains the safety clause only. We are likewise not concerned about what the initiative and referendum amendment ought to have contained. The result of its adoption is as above indicated, and when fully understood by future legislators we cannot apprehend for it the illogical results which counsel so earnestly urge. It is impossible to conceive of a case where two-thirds of the General Assembly can, knowingly, be secured to pass an emergency clause to an act, where a majority could not always be secured to insert the safety clause, when it is of the character which would call for its insertion, and when it is known that without the safety clause it would be subject to reference. Before the

emergency clause is a proper subject for consideration at all, the bill must be passed by a majority vote of the house then considering it, and under our former holding the safety clause being a part of the bill requiring a majority vote only to pass it, the majority have the right to determine whether it is of the character that should not be referred. The two-thirds vote being required only to put it into effect at once upon its approval, otherwise it becomes effective ninety days after the adjournment of the session passing it. This was the result here.

The judgment is affirmed.

*Affirmed.*

Decision *en banc.*

Mr. Justice SCOTT concurs in the conclusion.