Cushing, J.,
dissenting. I do not concur in the opinion of the majority of the court. Their determination of the case is based solely on a consideration of Section 6, Article VIII of the Constitution, and an extract from the opinion in the case of Taylor v. Commissioners, 23 Ohio St., 22, at page 83. They have not considered Section 6, Article XIII, relating to the powers of cities in assessment cases.
The facts in Taylor v. Commissioners, supra, were that a statute authorized a county, township or municipality to levy taxes not above a given per cent, on the taxable property of the locality, for the purpose of building so much of a railroad as can be built for that amount, and it was in fact a gift to the railroad company.
The questions that have been litigated under Section 6, Article VIII of the Constitution, have been the use of money or credit of the municipality in private enterprises for profit, or as bonuses. These are both clearly prohibited.
In the case of State, ex rel., v. Cincinnati Street Railway Co. et al., 97 Ohio St., 283, 303, the court in its opinion quotes withfapproval from Walker v. City of Cincinnati, 21 Ohio St., 14, 54:
*90 “The. mischief which this section interdicts is a business partnership between a municipality or subdivision of the State, and individuals or private corporations or associations. It forbids the union of public and private capital or credit in any enterprisé whatever. In no project originated by individuals, whether associated or otherwise, with a view to gain, are the municipal bodies named permitted to participate in such manner as to incur pecuniary expense or liability. They may neither become stockholders nor furnish money or credit for the benefit of the parties interested therein.”
Justice Brewer delivering the opinion of the court in Pleasant Township v. Aetna Life Ins, Co., 138 U. S., 67, at page 75, approves the language of the supreme court of Ohio in Walker v. City of Cincinnati, supra. At page 69 he says:
“This provision was inserted in the constitution, and adopted by the people, in view of the fact then and since well known in the history of all States, particularly in the West, that municipal bonds to aid railroads were freely voted in expectation of large resulting benefits — an expectation frequently disappointed. It was a declaration of the deliberate judgment of the people of Ohio that public aid to such quasi public enterprises was unwise, and should be stopped.”
In case the city is empowered to construct a completed street for the convenience of the public, for travel by vehicle and street car, it proposes to charge the part of the cost it has determined is for the benefit of the railway companies to them.
It is claimed by the city that the statutes and ordinances are within the provision of the consti *91 tution authorizing it to make improvements and levy assessments to pay for them, and that the necessity for an improvement and the authority to levy assessments to pay for it are by the constitution vested in the legislative branch of the government and cannot be interfered with by a court.
In Scovill v. City of Cleveland et al., 1 Ohio St., 126, Judge Ranney, at page 137, quotes from the opinion of Chief Justice Marshall in The Providence Bank v. Billings et al., 4 Peters, 514:
“The power of legislation, and consequently of taxation, operates on all the persons and property belonging to the body politic. * * * This vital power may be abused, but the interest, wisdom, and justice of the representative body, a!nd its relations with its constituents, furnish the only security against unjust and excessive taxation, as well as against unwise legislation.”
In Hill v. Higdon, 5 Ohio St., 243, Judge Ranney, in passing on the authority of the legislative body to levy or authorize assessments, says at page 244:
“The subject is very important in its practical bearings, and not without serious difficulty; and for myself I am bound to admit, that the doubts which I at first entertained have not been entirely removed. But it is not upon doubts that this case is to be decided. The question can only be solved by a construction of several provisions of the constitution ; and a proper construction can only ,be given, when the intention of those who framed and adopted that instrument is ascertained. We are bound to presume that the general assembly have continued to pass laws, conferring this authority, *92 upon a settled conviction of their power to do so; and it is only when a clear incompatibility between the constitution and the law is made to appear, that the courts are authorized to interfere.”
In Parsons v. Columbus, 50 Ohio St., 460, 467, Judge Minshall quotes with approval the following language:
“This obviously enjoins upon the legislature the duty of providing suitable and proper restrictions upon the enumerated powers; but in what these restrictions shall consist, and how they shall be imposed, are subjects left to the discretion or sense of duty of the legislative department, with the exercise of which the courts cannot interfere.”
In Walker v. City of Cincinnati et al., 21 Ohio St., 14, the fifth proposition of the syllabus is:
“The authority and duty to prevent an abuse of the powers of taxation and assessment by municipal corporations, is entrusted by the constitution to the general assembly, and not to the courts of the State. And the power of the legislature to authorize local taxation cannot be judicially denied on the ground that the purpose for which it is exercised is not local, unless the absence of all special local interest is clearly apparent.”
The question in this case, as I understand it, is whether the statute and ordinance amount to loaning credit under Section 6, Article VIII, or to an assessment proceeding under Section 6, Article XIII of the Constitution.
Section 6, Article XIII, is as follows:
“The general assembly shall provide for the organization of cities, and incorporated villages, by general laws, and restrict their power of taxa *93 tion, assessment, borrowing money, contracting debts and loaning their credit, so as to prevent the abuse of such power.”
In addition to authorizing the organization of cities, it directs the legislature to pass laws restricting their powers of taxation, assessment, borrowing money, contracting debts and loaning their credit.
Loaning credit, used in this provision of the constitution, must be in connection with the powers granted — among them levying assessments. Assessments shall be levied when the council shall have declared that the improvement is conducive to the public convenience or welfare. Section 3812, General Code.
Heretofore assessments have only been levied on real property abutting the improvement. I have not found any cases, or provisions of the constitution, limiting or prohibiting an assessment on property within the municipality, particularly when it has been benefited by the improvement.
A consideration of the apparent conflict in the use of the words “loaning credit” in Section 6, Article VIII, and Section 6, Article XIII, leads to the conclusion that they are not in conflict.
Section 6, Article VIII, is a general provision limiting the power of the legislature in its enactment of laws.
Section 6, Article XIII, is special, being limited to subjects specified — among them that of assessments.'
It is the law that all provisions of an instrument, if they .can, must be given effect, and where two *94 provisions of a constitution are in conflict, one being general and the other special, and the special relates to a particular subject or subjects, its provisions are to control over the general provision.
Judge Shauck in delivering the opinion of the court in City of Akron v. Roth, 88 Ohio St., 456, at page 461, says:
“The rule is that special provisions relating to a subject will control general provisions in which, but for special provisions, the subject might be regarded as embraced.”
In People v. Metz, 193 N. Y., 149, the court said, at page 157:
“In construing a constitution all its provisions relating directly or indirectly to the same subject must be read together and any amendment in conflict with prior provisions must control, as it is the latest expression of the people.”.
This case is cited in People v. Cassidy, 50 Col., at page 520.
Judge Shaw in In re Mascolo, 25 Cal. App., 92, says :
“A construction which raises a conflict between parts of a constitution is inadmissible when by any reasonable interpretation they may be made to harmonize, and in case of irreconcilable repugnancy the provision last in order of time should prevail.”
In Hoag v. Washington-Oregon Corp., 75 Ore., 588, at page 613, the court says:
“It is a familiar rule of construction that, where two provisions of a written constitution are repugnant to each other, that which is last in order of time and in local position is to be preferred.”
*95 There is no question but that the proper construction of streets, including railway tracks, is for the welfare of the public. It saves the expense to the property owners and taxpayers of frequent repair and resurfacing of streets. The convenience of the public is promoted by having streets and car tracks suitable for rapid transit. The determination of the question of public welfare and convenience is vested in the legislative branch of the government.
The conclusions deducible from decided cases and the considerations stated are that the legislation in question is within the purview of Section 6, Article XIII of the Constitution, and that that section governs; that the convenience of the public, the wisdom and justice of such legislation, rest in the legislative branch of the government, with which the judicial branch may not interfere; that the legislation here complained of is not clearly in violation of constitutional prohibition, and' must therefore be upheld.