[Civil No. 2648.  Filed December 23, 1927.]

[262 Pac. 620.]

MRS. FLORENCE W. HERNDON, Appellant, v. A. T. HAMMONS, as Superintendent of Banks for the State of Arizona, and as Receiver of the COMMERCIAL TRUST AND SAVINGS BANK, a Corporation, Appellee.

Mr. Charles W. Herndon, Messrs. Norris, Norris & Flynn and Messrs. Cornick & Crable, for Appellant.

Mr. John A. Ellis, for Appellee.

LOCKWOOD, J.—The principal legal proposition raised in this case is identical with the one presented in the case of *Hammons* v. *Watkins, ante,* p. 76, 262 Pac. 616. There is one point urged, however, in this case which was not raised by counsel nor mentioned by us, though it was considered in the case just above cited, and we therefore shall discuss it briefly in this opinion.

Counsel for appellee urges, in support of his contention that the power to amend the charter of the defunct bank was reserved at the time the bank was incorporated and legally exercised later, the

following proposition: Congress in its plenary power undoubtedly had the right to amend the charter, since the federal Constitution does not forbid its impairing the obligation of contracts. *Latter Day Saints* v. *United States,* 136 U. S. 1, 34 L. Ed. 478, 10 Sup. Ct. Rep. 792; *First Nat. Bank* v. *Yankton County,* 101 U. S. 129, 25 L. Ed. 1046; *Sinking Fund Cases,* 99 U. S. 700, 25 L. Ed. 496.

The Constitution of Arizona as approved by Congress before our admission as a state contained the following provisions:

"Corporations may be formed under general laws, but shall not be created by special acts. Laws relating to corporations may be altered, amended, or repealed at any time, and all corporations doing business in this state may, as to such business, be regulated, limited, and restrained by law." Article 14, § 2.

"The shareholders or stockholders of every banking or insurance corporation or association shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporation or association, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares or stock." Article 14, § 11.

This Constitution was prepared by the constitutional convention chosen under the authority of the Enabling Act, and then ratified by the voters of the territory, and this legislation, being specifically approved by Congress before the state was admitted was in effect an act of Congress establishing the Constitution as law, and not the act of a *state.* Congress, therefore, before Arizona became a state, did provide that charters theretofore granted by the territory could be amended by the new state, and specifically that stockholders of banking corporations should be subject to the double liability set forth in article 14, section 11, *supra,* and such Constitution, being

legislation by Congress and not by the state, was not within the prohibition of article 1, section 10, of the federal Constitution. In support of his conclusion, counsel cites the case of *Shorter* v. *Cobb et al.,* 39 Ga. 285. This case was overruled by the Supreme Court of the United States, on the ground that Georgia was a state and not a territory when it adopted the Constitution of 1868. *White* v. *Hart,* 13 Wall. (80 U. S.) 646, 20 L. Ed. 685. Its reasoning is nevertheless forcible and in point on the general proposition that a Constitution adopted by a territory precedent to its admission as a state and containing provisions which do impair the obligation of contracts, when approved by Congress before the admission of the new state, is not violative of article 1, section 10, *supra.* We think, however, it is unnecessary to decide whether we should apply the rule of *Shorter* v. *Cobb* to our Constitution or not.

Assuming for the sake of argument, without deciding, that the Constitution of the state of Arizona as approved by Congress had the same force and effect at the time of its adoption as an act of Congress containing the same subject matter, and applying to the then territory of Arizona before its admission would have had, we are nevertheless of the opinion that a reasonable construction of the language of that Constitution did not cause banks incorporated prior to its adoption and containing provisions in their charters expressly excepting the private property of stockholders from the debts of the corporation to be governed by the provisions of article 14, sections 2 and 11, *supra.* In the Constitution of Arizona as thus approved, in addition to sections 2 and 11, *supra,* article 14, we find the following sections:

"No bill of attainder, *ex post facto* law, or *law impairing the obligation of a contract,* shall ever be enacted." (Italics ours.) Article 2, § 25.

"No rights, actions, suits, proceedings, *contracts,* claims, or demands, existing at the time of the admission of this state into the Union, shall be affected by a change in the form of government, from territorial to state, but all shall continue as if no change had taken place; and all process which may have been issued under the authority of the territory of Arizona, previous to its admission into the Union, shall be as valid as if issued in the name of the state." (Italics ours.) Article 22, § 1.

It is a cardinal rule of constitutional construction that the interpretation, if possible, shall be such that each provision should harmonize with all others. Different sections or provisions relating to the same subject must be construed together and read in the light of each other. *Marburg* v. *Madison,* 1 Cranch 137, 2 L. Ed. 60; *Gherna* v. *State,* 16 Ariz. 344, Ann. Cas. 1916D 94, 146 Pac. 494; *People* v. *Ramer,* 61 Colo. 422, 158 Pac. 146; *Ex parte Mascolo,* 25 Cal. App. 92, 142 Pac. 903; *Wilcox* v. *People,* 90 Ill. 186; *State* v. *Osborne,* 14 Ariz. 185, 125 Pac. 884; 12 C. J. 707. It is equally well settled that constitutional provisions always operate prospectively, and not retrospectively, unless the words used or the objects to be accomplished clearly indicate that a retrospective operation was intended. *Shreveport* v. *Cole,* 129 U. S. 36, 32 L. Ed. 589, 9 Sup. Ct. Rep. 210; *Calhoun County* v. *Galbraith,* 98 U. S. 214, 25 L. Ed. 410; *Willcox* v. *Edwards,* 162 Cal. 455, Ann. Cas. 1913C 1392, 123 Pac. 276; *Kirby* v. *Western Union Tel. Co.,* 4 S. D. 105, 46 Am. St. Rep. 765, 30 L. R. A. 612, 55 N. W. 759; *State* v. *Dircks,* 211 Mo. 568, 111 S. W. 1. Whoever asserts that a Constitution has a retroactive effect must bear the burden of proving it. *O'Reilly* v. *Utah Stage Co.,* 87 Hun 406, 34 N. Y. Supp. 358.

It is difficult to believe, in view of the fact that our Constitution expressly preserves all existing contracts under article 22, section 1, *supra,* and forbids

the abrogation of contracts under article 2, section 25, that it was intended article 14, sections 2 and 11, although they contain no language making them retroactive on their face, were intended to do the very thing forbidden by the two provisions of the Constitution last quoted. On the other hand, if we hold that sections 2 and 11 of article 14, *supra,* were intended to have a prospective effect only, and to apply solely to corporations to be organized in the future under the laws of the new state, we have adopted a construction which is in consonance also with the principles set forth in article 2, section 25, and article 22, section 1, *supra,* and with natural justice.

The other points raised in the present case were disposed of by us in the opinion of *Hammons* v. *Watkins, supra.* The judgment of the superior court of Yavapai county is reversed, and the cause remanded, with instructions to sustain the demurrer to the complaint.

ROSS, C. J., and McALISTER, J., concur.