[No. 4812.]

The Rio Grande Sampling Company v. Catlin.

1.  **Constitutional Law—General Assembly—Passage of Bills— Constitutional Requirements—Journals—Presumption.**

    Section 22, art. 5, Colo. const., provides that no bill shall become a law except by a vote of a majority of all the members elected to each house, nor unless on its final passage the vote be taken by ayes and noes, and the names of those voting be entered on the journal; section 13, same article, provides that each house shall keep a journal of its proceedings; and c. 10, p. 240, Sess. Laws 1899, provides, inter alia, that the secretary of state shall certify to the correctness of the copies of the original journals so published, the certificate to be made a part of such publication, and, when printed and so certified, such publication shall be taken as prima facie evidence of the original records. Held, that where the question of the constitutional requirements being observed in the passage of a bill is at issue in a cause, the introduction of the journal, printed in accordance with the above provisions, which fails to show the entry of such

votes, makes a prima facie case, and raises the presumption that there was no final passage of the bill and entry on the journal of the names of those voting aye and no.—P. 454.

2. **Same—Pleading—Evidence.**

The. question of whether the constitutional requirements were observed in the passage of a bill through either branch of the legislature, involves a finding of fact, and the party seeking to raise such question must, by pleading, present an issue and the evidence upon which he relies to support the issue.—P. 458.

3. **Same—Question of Law.**

Whether or not an act of the legislature is a law is a judicial question to be determined by the court whenever it arises in the course of litigation, and it is not a question to be referred to some other tribunal for a decision, nor is it a question of fact to be tried by a jury.—P. 459.

4. **Same—Finding of Fact by a Subsequent Legislative Committee.**

Section 22, art. 5, Colo. const., provides that no bill shall become a law except by a vote of a majority of all the members elected to each house, nor unless, on its final passage, the vote be taken by ayes and noes, and the names of those voting be entered on the journal. In attacking a law on the ground that such requirements were not complied with, as shown by the journal introduced in evidence for that purpose, the report of a special committee contained in the journal of a subsequent legislature appointed to .investigate the cause of such missing roll-call is not competent evidence to rebut the prima facie case made by the introduction of the former journal, since to so hold would be referring the question in issue to some other tribunal than the trial court, i. e., an investigating committee of the legislature.—P. 459.

*Appeal from the District Court of Teller County.*
*Hon. William P. Seeds, Judge.*

Action by William H. Catlin against The Rio Grande Sampling Company. From a judgment for plaintiff, defendant appeals.          *Reversed.*

Decision *en banc.*

Messrs. GOUDY & TWITCHELL, for appellant.

Mr. B. W. COLEMAN, Mr. STEPHEN W. RYAN and Messrs. RICHARDSON & HAWKINS, for appellee.

Mr. Justice Maxwell delivered the opinion of the court:

Action by appellee to recover damages for personal injuries alleged to have been caused by the negligence of a co-employee.

It is conceded that the case rests upon and cannot exist without the statute of 1901, entitled: "An act to give a right of action against an employer for injuries or death resulting to his agents, employees, or servants, either from the employer's negligence or from the negligence of some of his other employees, servants or agents, and to repeal all acts and parts of acts in conflict herewith."—Session Laws 1901, page 161. The same being senate bill No. 87 of the session of 1901.

It is urged that the above act is unconstitutional in that it is in conflict with the 14th amendment to the federal constitution and with section 25, article 11, Colorado constitution, because it deprives a person of property without due process of law. This question has been put at rest in this state by the decision of this court in *Vindicator Consolidated G. M. Co. v. Firstbrook,* 36 Colo. 498.

The validity of the above act is attacked upon the ground that the requirements of section 22, article 5, Colorado constitution, were not complied with. Pertinent to this question the constitutional requirements are:

"No bill shall become a law except by a vote of a majority of all the members elected to each house, nor unless, on its final passage, the vote be taken by ayes and noes, and the names of those voting be entered on the journal."

An issue was made by the pleadings, evidence introduced thereon by the respective parties, and upon the evidence thus introduced the question of fact presented was ruled by the court below in favor

of the validity of the law; the correctness of this ruling is presented here by exceptions duly saved and assignments of error based thereon.

It is conceded that the above quoted requirements of the constitution are mandatory. There is no serious conflict between counsel as to the law of the question, but counsel seriously differ as to the question of fact presented, it being insisted by counsel for appellee that all the constitutional requirements above quoted were complied with, whereas counsel for appellant strenuously insist that the evidence in the record does not show that such constitutional requirements were complied with. It therefore becomes necessary to consider the evidence in the record upon which the court below based its ruling, as the same appears in the record presented, and having in mind pertinent constitutional and statutory enactments and former decisions of this court, determine the correctness of the ruling of the court below upon the question presented.

To sustain the defense presented by its answer, appellant introduced in evidence the printed journal of the senate for the session of 1901, so far as the same related to S. B. No. 87, from which it appeared that the printed journal did not show that upon the final passage of the bill either of the above mandatory requirements of the constitution had been complied with.

Section 13, article 5, Colorado constitution, provides that each house shall keep a journal of its proceedings. The office of a journal is to record the proceedings of the body and authenticate and preserve the same. The journal is the proper evidence of the action of the body upon all matters before it.

Chapter 10, Session Laws 1899, page 240, concerning the compiling, indexing, publication and dis-

tribution of the journals of the senate and house of representatives, provides, among other things:

"The secretary of state    *    *    *    shall certify to the correctness of the copies of the original journals so published, which certificate shall be included in and made a part of such publications. The said journals, when printed and certified as aforesaid, *    *    *    shall be taken and deemed to have been published by authority of the state of Colorado and shall be taken and held as *prima facie* evidence of the original records."

Under the above constitutional and statutory provisions, by the introduction in evidence of the printed journal of the senate of the session of 1901, appellant made a *prima facie* case, and it is conceded by counsel for appellee that the introduction of this evidence raised the presumption that there was no final passage of the bill and entry on the journal of the names of those voting aye and no.

To meet the case thus made, appellee introduced in evidence the printed journal of the senate for the extra session of the Thirteenth General Assembly convened January 27, 1902, pursuant to the proclamation of the governor, so far as such journal was pertinent. We quote from the transcript of the record presented here:

"Mr. Richardson:    *    *    *

"I offer so much of the Senate Journal of the Thirteenth General Assembly, of the extra session, of the state of Colorado, held in 1902, as may be found in the following excerpts:

"First: From the governor's call for the extra session, styled 'Proclamation,' that part found on page 8, as follows:

"Fifth: To make the necessary correction in the Senate Journal on S. B. No. 87, commonly known as the employers' liability law, so that the truth

may appear and said third roll call may be made of record.

"Mr. Richardson: So much of the same volume as is found on pages 84, 85, 86, 87 and 88. relating to S. B. No. 87, as follows:

"S. R. No. 11, by Senator L. A. Tanquary."

Then follow recitals of S. R. No. 11 to the effect, that S. B. No. 87 was duly introduced by Senator Tanquary, January 9, 1901, the bill being set forth in full; that every legal step required by the constitution was complied with, from its introduction to its final passage, February 4, 1901, upon which date the question being, "Shall the bill pass?" a final vote was taken thereon by yeas and nays, and the names of those voting were duly entered upon the journal; that the roll call upon the final passage of the bill.is absent and missing from the Senate Journal; that the proclamation of the governor included the correction of the Senate Journal of 1901; that the secretary of the senate has in his possession a triplicate of the original of said roll call, showing the names of those voting yea and nay upon the final passage of the bill, concluding with the following resolution:

"Now, therefore, be it Resolved, by the senate of the Thirteenth General Assembly of the state of Colorado, in special session assembled, that the Senate Journal of the 4th day of February, 1901, the same being the thirty-fourth day of the said regular session, relating to S. B. No. 87, commonly called the 'Employers' Liability Law,' appearing in the Senate Journal of said date, and as the same appears on pages 377 and 378 of the printed journal, should in fact be, and the same is hereby corrected to read, as follows, to wit:

"S. B. No. 87, by Senator Tanquary, a bill for an act to give a right of action against an employer for injuries or death resulting to his agent, em-

ployees or servants, either from the employer's negligence or some of his other employees, servants or agents, was read for the third time at length. The question being, 'Shall the bill pass?' the roll was called with the following results:

"Yeas: Senators Adams (Arapahoe), Ammons, Annear, Buckley, Bucklin, Copp, Erhart, Farwell, Graves, Hallett, Lewis, McGuire, Moore, Parks, Philp, Poe, Roberts, Rush, Seldomridge, Stewart, Stratton, Tanquary, Taylor, Ward, Whitford. Total 25.

"Nays: Senators Adams (Conejos), Barela, Evans, Jefferson, Newell, West. Total 6.

"Absent, excused and not voting: Senators Hill, Meyer, Smith, Clayton. Total 4.

"A constitutional majority having voted in the affirmative, the bill was declared passed; the title was read and agreed to.

"Be it further Resolved, that the said triplicate roll call in the possession of said W. H. Kelley, secretary of the senate, of the said regular session, and of this special session, be filed and made a part of said Senate Journal of the regular session of the Thirteenth General Assembly, and of the records and journal of this body.

"Motion carried."

The foregoing is all the evidence introduced at the trial indicating any action of the senate at the extra session of 1902 relating to the correction of the Senate Journal of the senate of 1901.

To determine the import of the words "motion carried" at the end of the above extract, it is necessary to turn to the printed Senate Journal of 1902, where we find on page 84, being one of the pages of the journal introduced, and immediately preceding that portion of the journal found in the transcript, the following:

"State of Colorado.

"Denver, February 6, 1902.
"Senate Chamber.

"Mr. President: Your committee on printing, to which was referred senate amendment to S. B. No. 3 and S. R. No. 11, have had the same under consideration and beg leave to report that S. B. No. 3 is correctly printed and S. R. No. 11 is incorrectly printed.

"C. W. Roe, Chairman.

"S. R. No. 11 by Senator Tanquary read. Senator Tanquary moves that S. R. No. 11 be amended so as to read as follows:"

From which it conclusively appears that the words "motion carried" relate to the motion of Senator Tanquary to amend S. R. No. 11, and that such motion, and such motion only, was carried, so far as is shown by the evidence in this record.

Otherwise stated, the evidence introduced failed to show that S. R. No. 11 by Senator Tanquary was adopted by the senate at the extra session of 1902. This being true, it is unnecessary to consider or determine, at this time, the power or authority of the senate at an extra session to correct or amend the journal of the regular session, and we intimate no opinion upon this proposition.

Appellee also introduced portions of the printed Senate Journal of the extra session of 1902, being pages 107, 108, 177, 178, 179, 180 and 231, covering reports of a special committee appointed by the extra session to investigate the cause of the missing roll call to S. B. No. 87, which committee in its final report found, *inter alia:*

"Your committee, on the 11th day of February, 1902, while making a systematic examination of the records of the senate proceedings of the Thirteenth

General Assembly, found a roll call of the third read-
ing of S. B. No. 87, said roll call having been posi-
tively identified as the original by one Lemuel J.
Smith, who was the reading clerk of the senate on
the 4th day of February, 1901, and executed in his
own handwriting the roll call taken on the third
reading and final passage of said S. B. No. 87.  Said
roll call was found among the pages of the original
journal of the senate proceedings of Wednesday,
March 6, 1901.  It had the appearance of having
been by some means detached from its original place,
and, in the opinion of the committee, in some way
unexplainable, but easily understood by any one
familiar with the make-up, appearance and keeping
of the original journal, found its way into and
among the records of another date.''

To which final report was attached what seems
to be a portion of the testimony of Lemuel J. Smith,
taken before the committee.  It also appears from
the printed journal introduced in evidence, that the
final report of the committee, from which the last
above quoted excerpt is taken, was upon motion
adopted upon roll call.

It is insisted by appellee that the report of the
committee contained in the portions of the printed
journal introduced in evidence, conclusively estab-
lished the fact that the constitutional requirements
were complied with, in the final passage of the bill.

It has frequently been held by this court, that
the question whether the constitutional requirements
were observed in the passage of a bill through either
branch of the legislature, involves a finding of fact,
and the party seeking to raise such question must,
by pleading, present an issue and the evidence upon
which he relies to support the issue.—*Marean v.
Stanley,* 21 Colo. 43; *Peckham v. People,* 32 Colo.
140; *Anderson v. Grand Valley Irr. Dist.,* 35 Colo.

525; *Vindicator Co. v. Firstbrook,* 36 Colo. 498, 510.

In *Nesbit v. People,* 19 Colo. 441, 450, it was said:

"A question of fact respecting the existence or non-existence of a law is a question of law; it is a question to be determined by the court whenever it arises in the course of litigation, and not a question to be referred to some other tribunal for decision." —Citing *Town of Ottawa v. Perkins,* 94 U. S. 260.

In *Post v. Supervisors,* 105 U. S. 667, it is said:

"Whether a seeming act of the legislature is or is not a law is a judicial question to be determined by the court, and not a question of fact to be tried by a jury."

Applying the foregoing principle to the recitals and findings contained in the report of the committee appointed to investigate the cause of the missing roll call to S. B. No. 87, we cannot say that such recitals were competent evidence to prove the fact in issue. To so rule would be a dangerous doctrine and might prove far-reaching in its effect.

Many matters come under the investigation of the legislature which are usually referred to committees who make reports of their findings and conclusions. If a rule should be adopted by this court making the printed journals of the two houses of the legislature conclusive evidence of the recitals and findings of the committees of such bodies appointed to investigate questions of fact which may be the subject of investigation by such bodies, as we are asked to do upon the record presented in this case by appellee, the result might be disastrous in the extreme. Further, such a ruling would be contrary to the rule announced in the *Nesbit case* and the two cases decided by the United States supreme court, *supra,* as a decision of the question in issue would thereby be referred to and determined by some other

tribunal than the court, viz., an investigating committee of the senate.

Our conclusions are that the evidence introduced by appellee, being the report of the committee appointed to investigate the cause of the missing roll call to S. B. No. 87, was not competent for the purpose for which it was introduced, and that the court erred in receiving such evidence, for which reasons the judgment must be reversed.        *Reversed.*

Decision *en banc.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL did not hear the oral argument at the time this cause was submitted, and did not participate in this opinion. CHIEF JUSTICE STEELE heard the argument upon the petition for a rehearing and is of the opinion that the petition for a rehearing should be granted.