[No. 4972.]

THE CITY OF DENVER ET ALS. V. RUBIDGE ET AL.

§ 1. JUDGMENT—*Record—Conclusive Effect*—Where the judge of the court below finds and declares that the bill of exceptions was tendered within the rule, this finding will be accepted as conclusive in the court of review—(226).

So his certificate that the bill of exceptions contains all the evidence—(227).

2. BILL OF EXCEPTIONS—*Time to Tender*—The court of first instance may at any time during the term at which the judgment is rendered allow time to tender a bill of exceptions—(226).

3. ——*Requisites*—Even though the certificate to the bill of exceptions fails to aver that it contains all the evidence, if this is apparent from the bill itself, it will suffice—(226).

An exception to the final judgment must appear in the bill of exceptions. The clerk's note of the exception in the record is inapt, and without effect—(227).

4. ——*Time of Filing*—If the bill of exceptions is tendered within the time allowed for that purpose, the fact that it is not filed until the expiration of that period, is immaterial—(227).

5. APPEALS—*Harmless Error*—Allowing an amendment which in no way affects the rights of the opposing party is harmless—(228).

6. CONSTITUTIONAL LAW—*Conformity with Constitutional Requirements in Legislation*, may be determined by reference to the legislative journals. If therefrom it appears that the requirements of the constitution were not observed the attempted enactment is without effect. But where the complaint is that in one house the provisions of sec. 22 of art. V. were not complied with, mere excerpts from the journal of that house, not assuming to state in what manner the bill passed on final reading will not suffice—(228).

Whether the copy of the journals printed pursuant to laws of 1899 c. 109 is admissible in evidence, Quaere—(226).

7. DENVER—*Charter of 1893—Ordinances—Passage*—It is not required, under Sec. 20, Art. VII of the Charter of Denver of 1893 that an ordinance erecting a sewer district should receive the votes of two-thirds of all the members elect of the City Council. In view of the provisions of sections 3, 4, of art. II, a vote of two-thirds of a quorum in each house suffices, provided those so voting constitute a majority of all the members elect to the house in which the vote is taken—(229).

8. ——*Local Assessments*—A complaint assailing an assessment for the expense of a district sewer averred that the Board of Public Works of the city is not a constitutional body; that the provisions of the charter relating to public improvements are unconstitutional; that the assessments were levied without regard to the question of benefits; that the natural slope of the land was sufficient to drain it; that lands without the district were benefited, and were not assessed; that lands within the district, and liable to assessment, were omitted; that the assessment of plaintiff's lands was excessive; that the system was a public, and not a local improvement; that it was not properly constructed; that the provisions of the charter as to the letting of contracts were disregarded; and that items of expense were improperly included. Held insufficient on the authority of Denver v. Dumars, 33 Colo. 94; Denver v. Londoner, id. 104, Spalding v. Denver, id. 72—(230).

*Error to Denver District Court*—HON. JOHN I. MULLINS, Judge.

Mr. H. A. LINDSLEY and Mr. H. L. RITTER for plaintiffs in error.

Mr. JOSHUA GROZIER for defendants in error.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Rubidge and others, plaintiffs below, brought suit against the City of Denver and others, the purpose of which was to annul special assessments against their property, to defray the expenses of the construction of what is known as the Capitol Hill storm sewer, in the City of Denver. The trial was to the court, and judgment rendered for plaintiffs. The defendants have brought the case here for review on error.

The bill of exceptions is attacked by counsel for defendants' in error upon several grounds:

1.  Because the same was not tendered within the time allowed by the order of the court, to-wit: ninety days from July 2, 1904. This contention is manifestly without merit. In the first place, it appears that the order allowing the time for bill of exceptions was entered on July 20, 1904, and that time until ninety days

from that date was given in which to tender and file the bill of exceptions; so that the contention of counsel for the defendants in error, to the effect that tendering the bill on October 10, 1904, was too late, is not borne out by the record. In the second place, it appears that the time within which the bill of exceptions was actually tendered to the trial judge was a controverted question of fact between the parties below, and that the judge determined, as a fact, that the bill of exceptions was tendered to him on the tenth day of September, 1904, which is within ninety days from July 2nd preceding. This finding must be treated as conclusive.

2. It is next urged that the court erred in entering the order of July 20, 1904, allowing the city an appeal to the Court of Appeals, and granting ninety days for bill of exceptions, because more than five days had then elapsed since the date of rendering judgment. So far as an appeal is concerned, the prayer therefor came too late; but the case was brought here by the city on error, consequently, the time within which an appeal is prayed is immaterial. The code provides that exceptions may be allowed, signed and sealed at any time during the term of the court at which such exceptions were taken, or at any time thereafter to be fixed by the court. The order fixing the time for bill of exceptions was at the same term the judgment was rendered, and the court had authority to fix the date at some time beyond the adjournment of the term when the bill of exceptions should be tendered for his signature and seal.

3. This court is requested to strike the bill of exceptions because the certificate does not state that it contains all the evidence introduced in the cause. The certificate may not expressly state that all the evidence introduced is transcribed into the bill of exceptions, but an examination of the bill itself discloses from other sources that it does contain all the testimony. Aside from this, counsel objected to the bill of exceptions below upon the grounds now urged. The court overruled

this objection, thus determining that the bill of exceptions embraced all the testimony.

4.    We are also requested to strike the bill of exceptions because it shows on its face that it was not filed, signed, or sealed before January 31, 1905, long after the time fixed by order of court within which the bill of exceptions was to be tendered.    It is true that the date the bill of exceptions was signed appears to be January 31, 1905, but the bill was tendered within the time fixed by the order of the court, and that was sufficient to protect the rights of the parties tendering it.

5.    It is next urged that the cause should not be reviewed here for the reason it appears from the record that no exception was saved or taken by the plaintiffs in error to the decree of the trial court.    True, the record proper does not show an exception to the judgment of the court; but the bill of exceptions does.    That is the place where an exception must appear, when necessary, to be of any avail.

The city was permitted to file an amended answer, setting up the plea that by virtue of section 34 of Article VII of the charter (1893), the plaintiffs "have waived any and all rights to question the power or jurisdiction of the City of Denver to construct the improvements, the quality of the work, the regularity or sufficiency of the proceedings, or the validity or correctness of the assessments; and that the plaintiffs are now barred and estopped from maintaining this action or otherwise questioning the validity of the assessment, or any matter in connection therewith."    This plea was predicated on the fact that the action had not been commenced by plaintiffs within thirty days next after the assessing ordinance of which they complain was passed. Cross-error is assigned on the action of the court in allowing this amendment.    It was filed several months before the case was called for trial, but counsel for plaintiffs contend that as it was, in effect, a plea of the statute of limitations, it was not filed in apt time.    In

the view we take of the case, it is unnecessary to pass upon this question, for the reason that it could not, and did not, in any manner affect the rights of the plaintiffs on any question involved.

The validity of the charter of 1893 was also attacked by an averment in the complaint to the effect that in the passage of the act the senate did not comply with section 22, article V of our constitution, which provides that no bill shall become a law unless, on its final passage, the vote be taken by ayes and noes, and the names of those voting be entered on the journal. To sustain this issue, plaintiffs introduced certain portions of the printed senate journal for the year 1893. These portions do not show in what manner the bill was passed on third reading. In determining whether the constitutional requirements with respect to the passage of bills have been complied with, resort may be had to the legislative journals, and if it affirmatively appears therefrom that the mandatory provisions of the constitution on the subject were not observed, then the bill is invalid. Merely introducing excerpts from the senate journal and nothing more, which do not purport to state in what manner the bill was passed on final reading does not make the affirmative showing required. In this respect the case at bar is clearly distinguishable from *Rio Grande Sampling Co. v. Catlin,* 40 Colo. 450. In considering the printed senate journal which was introduced, we must not be understood as holding that under the Act of 1899, page 240, the purported printed journal was admissible in evidence.

It is also alleged in the complaint that the ordinance creating the capitol hill storm sewer district, and authorizing the construction of a storm sewer therein, was never legally passed by the city council, for the reason that it was never passed by two-thirds of the entire membership of the two branches constituting that body. The averments of the complaint discloses that more than two-thirds of the supervisors voted therefor; that two-

thirds of a quorum of the Board of Aldermen also voted
for the ordinance; and that those voting therefor in the
respective branches of the council constituted a ma-
jority of all the members elected to each branch.    The
claim is made by counsel for plaintiffs that because sec-
tion 20, article VII of the charter requires that an
ordinance directing the construction of a storm sewer
must be passed by a two-thirds vote of the city council,
that this means two-thirds of all the members elected to
that body.    We do not regard this contention as ten-
able.    The latter part of section 3 of article II of the
charter provides that "A majority of the members elect
of each board shall constitute a quorum to transact
business."    Section 4 of the same article provides that
"No action of either board, except an adjournment,
shall have any force unless a majority of all the mem-
bers elect shall have voted in favor thereof."    From
these provisions it is clear that what is meant by "city
council" in section 20 *supra,* is a quorum of each
branch, and that a two-thirds vote of each of such quo-
rum, provided such vote constitutes a majority of all
the members elect to the branch in which such vote was
taken, was sufficient to pass the ordinance in question.
This is what the averments of the complaint disclose.
The fact that by section 4, in speaking of the two
branches, it is provided that any action of either board,
except an adjournment, must be sanctioned by a major-
ity of all the members elect, clearly demonstrates that
when the legislature, by the subsequent section 20 men-
tioned the city council, it was intended thereby to refer
to a quorum, otherwise some appropriate expression
would have been employed to designate that by "city
council" was meant all the members elected to such
branch.    This conclusion is fully supported by *South-
worth v. Palmyra & J. R. Co.,* 2 Mich. 287, where the
court had under consideration a provision of the consti-
tution providing "A legislature must pass no act of
incorporation unless with the assent of at least two-

thirds of each house;" and it was held that the term "house" meant a quorum to do business, because by a previous provision it was declared that "A majority of each house shall constitute a quorum to do business." In addition to what has been said, it appears that the averments of the complaint on the subject under consideration were put in issue, and that plaintiffs did not offer any evidence to establish them.

The remaining averments of the complaint, so far as necessary to consider, are to the effect that the Board of Public Works is not a constitutional body; that provisions of the charter relative to public improvements are unconstitutional; that the assessments complained of were levied without regard to the question of benefits; that the natural slope of the land within the sewer district was sufficient to drain it; that property outside of the sewer district was benefited, but not assessed; that property within the district which should have been assessed is omitted; that the property of plaintiffs is not benefited to the extent of the assessments levied thereon; that the system is a public, and not a local, improvement; that the system was not properly constructed; that the law with respect to the letting of contracts was not complied with; and that items of expense were included which should not have been.

The constitutional questions raised have been decided adversely to the contention of counsel for plaintiffs in *City of Denver v. Dumars,* 33 Colo. 94, and *City of Denver v. Londoner, ibid,* 104. See, also, *Londoner v. City of Denver,* 210 U. S. 273; *Hildreth v. City of Longmont,* 47 Colo. 79. In *Spalding v. City of Denver,* 33 Colo 172, it was decided that the averments of the complaint above referred to did not entitle plaintiffs to the relief demanded, for the reasons given in the opinion in that case, and it is unnecessary to re-discuss them here.

Some additional questions are urged by counsel for plaintiffs, but they are not involved, because not raised by the pleadings.

In brief, our conclusion is, that, eliminating the allegation that the charter was not constitutionally passed, the complaint wholly failed to state a cause of action but, as plaintiffs failed to prove this allegation, they failed to make a case entitling them to any relief whatever.

The judgment of the District Court is reversed, and the cause remanded for further appropriate proceedings.

*Reversed and remanded.*

Decision *en banc.*

Mr. JUSTICE HILL dissents.

Mr. JUSTICE MUSSER not participating.