No. 13,230.

THE PEOPLE *v.* BRISTOL ET AL.
(20 P. [2d] 309)

Decided March 13, 1933.

Mr. J. ARTHUR PHELPS, Mr. FRENCH L. TAYLOR, for the people.

Mr. A. W. McHENDRIE, Mr. HORACE N. HAWKINS, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

THIS matter is before us on defendants' motion to dismiss the writ of error. The facts leading up to it are as follows:

The district attorney of the tenth judicial district filed an information, supported by an affidavit of a witness, against Bristol and four other directors of the Railway Savings and Building Association, a corporation, charging them with violation of certain provisions contained in an act relating to building and loan associations, passed in the year 1897 by the eleventh general assembly. Laws 1897, chapter 33, pages 121-131; C. L. 1921, chapter 44, sections 2790-2808. The information recites inter alia that the association was organized and exists under and by virtue of this law. The portion of the act alleged to have been violated is section 2801, C. L. 1921, which requires the making of a semi-annual report and statement under oath, showing the affairs and operations of such associations, to be filed with the county clerk. Section 2802 declares it to be a felony to make any false entry or report. The information sets forth the semi-annual report of the association for six months ending June 30, 1931, signed and sworn to by the defendant directors, but charges that they feloniously, willfully and knowingly made and subscribed to certain false statements therein, relating to various corporate expenditures, as particularized in the information.

The defendants filed a motion to quash the information on various grounds, principally that it does not charge them with the commission of a crime, since they say it is based solely upon the above statute, but that the whole act is void and of no effect, because not passed according to law or at all. Defendants assert in their motion, among other things, that a majority of the eleventh general assembly did not vote for the passage of the act; that it was not placed on final passage in each house; that a vote by ayes and nays was not taken, and that the names of the members voting were not entered on the journals of each house, as required by section 22,

article 5 of the Colorado Constitution. The motion to quash concluded with an offer to prove the alleged defects in the purported passage of the legislative bill. The district court accepted the offer and evidence was taken solely with reference to the validity of the act. The evidence with which we are concerned consisted in certified copies of the senate and house journals of the eleventh general assembly. The court held that the information would have stated the commission of a crime if the act were valid, but that it was unconstitutional and void because not legally enacted, whereupon the defendants were discharged.

The district attorney brought the cause to this court on writ of error to review the judgment, but did not incorporate the above evidence in the bill of exceptions. For the failure to thus include it, defendants move to dismiss the writit. Their counsel have briefed the question, but no answer thereto has been filed.

1. Our review of the judgment of the district court is solicited by the district attorney under the following provisions of section 7113, C. L. 1921: "* * * And whenever any act of the legislature, upon which has been based the indictment or information in any criminal case, shall be adjudged inoperative or unconstitutional by any district or county court, it shall be the duty of the district attorney of the judicial district within which such court making such decision is situate, to sue out a writ of error on behalf of the people of the state of Colorado from said supreme court to review the judgment of said district or county court in this particular; *Provided,* That nothing in this act shall be construed so as to place a defendant in jeopardy a second time for the same offense. * * * *,"

We have followed the practice of reviewing causes on behalf of the people, as authorized by the above statute. *People v. Stanley,* 90 Colo. 315, 9 P. (2d) 288; *People v. Brown,* 87 Colo. 261, 286 Pac. 859; *People v. Morgan,* 79 Colo. 504, 246 Pac. 1024, and numerous other cases.

Our facilities for such review, however, are inadequate when the alleged statutory defect is not apparent on the face of the act as published in the session laws, but is dependent upon evidence aliunde not preserved by bill of exceptions.

2. The courts are not all agreed upon the question of whether judicial notice will be taken of legislative journals (15 R. C. L., p. 1078, §16), but we have held that it is not incumbent upon courts to take judicial notice of the contents of such journals when not pleaded. *People v. Ramer*, 61 Colo. 422, 425, 158 Pac. 146. Their contents also must be proven when relied upon. The statute furnishes a way to get such evidence before the court. Section 14, C. L. 1921, requires the publication of senate and house journals, and provides that copies thereof when printed and certified according to the act shall be taken and held as prima facie evidence of the original records. This provision would be a useless enactment if judicial notice were to be taken of the contents of such journals without proof of the fact. The statute is consistent with the rule stated in *Rio Grande Sampling Co. v. Catlin*, 40 Colo. 450, 458, 94 Pac. 323, which holds, when resort must be had to legislative journals for proof as to whether constitutional requirements were observed in the passage of a bill through either branch of the legislature, it involves a finding of fact, and that the party seeking to raise such question must, by pleading, present an issue and the evidence upon which he relies to support it. Numerous other authorities to the same effect are cited in *People v. Ramer* and *Rio Grande Sampling Co. v. Catlin, supra*. See also *People v. Leddy*, 53 Colo. 109, 123 Pac. 824.

3. The above requirements of pleading and proof were observed in the district court, but counsel for the people have not persevered in the required course by supplying us with the evidence. We cannot say that the proof was or was not sufficient to warrant the findings, since it has not been exhibited to us, and we must

decline to speculate on it. The same considerations that demanded the production of proof in the district court are manifestly prerequisites to our examination of the question. Nothing here said is intended to cast a cloud on the validity of the 1897 act; it will stand unimpeached before us unless and until its nullity has been demonstrated. *People v. Leddy, supra.* That contingency has not arisen as yet, and because the evidence adduced at the hearing in the trial court is fatally absent from the bill of exceptions, the motion to dismiss the writ of error is well taken.

Writ dismissed.