No. 17,985.

Edward O. Geer, as Manager, etc. *v.* John Presto, et al.
(313 P. [2d] 980)

Decided July 1, 1957.    Rehearing denied August 19, 1957.

Mr. John C. Banks, City Attorney, Mr. Ty R. Williams, Mr. Thomas A. Gilliam, Mr. Brian H. Goral, Assistants, for plaintiff in error.

Mr. Joseph D. Neff, Mr. A. E. Small, Jr., for defendants in error.

*En Banc.*

Mr. Justice Frantz delivered the opinion of the Court.

The licensing authority denied an application for a hotel and restaurant liquor license made pursuant to the Liquor Code of 1935, C.R.S. '53, 75-2-1, et seq. Upon review under Rule 106 (a) (4), R.C.P. Colo., the District Court held that such denial was arbitrary, and directed that a license issue to Presto. Reversal of the judgment of the trial court is sought.

Presto owns a restaurant at 233 East 7th Avenue in Denver. East 7th Avenue is a business street for some few blocks on either side of this restaurant. The neighborhood in which the restaurant is located is comprised of residential, multiple housing, apartment and business properties. A number of heavily traveled streets, some of which are one-way through streets, are in the immediate or near vicinity of Presto's place of business.

A large number of residents in the neighborhood signed petitions favorable to the granting of a license, while a substantial number signed remonstrances. Witnesses testified for and against the issuance of the license; those testifying in opposition to the application stressed the traffic involvement, particularly the parking problem in the neighborhood.

One protestant, in listing her reasons for opposing the issuance of a license, testified as justification for the

denial of a license that she understood a license would issue for the cocktail lounge in the new office building at Seventh and Broadway, also located within the neighborhood under consideration. And in his brief Presto argues that shortly after the declination of his application a hotel and restaurant liquor license was granted for this lounge.

At the conclusion of the hearing, the licensing authority orally determined: "*Assuming, without deciding,* that there are only eight of the twenty-two that serve malt, vinous or spirituous liquor for consumption on the premises, it is the decision of the Manager that these eight adequately serve the area, being the same type of license sought by the Applicant herein."

By letter the licensing authority confirmed his "decision recited at the conclusion of the hearing," holding that the eight outlets adequately satisfied the needs of the inhabitants of the neighborhood. In so holding, he included as one of the eight outlets the application of Presto for a license.

Here is uncertainty, indefiniteness and contradiction in an administrative decision. Assumption of the existence of eight licensed places, and the determination thereon of a sufficiency of outlets; the evidence disclosing that the eight outlets considered adequate included applicant's restaurant; and indications of a foreordained outlet to a third party, which may be the basis for the assumption of an eighth outlet, make review by the court impossible.

Where the findings and determination of the administrative authority are so imperfect and contradictory as to preclude the trial court from basing a considered judgment thereon, we, being in no better position than the trial judge, have but one course to pursue — we must reverse. To hold that eight outlets, including that of the applicant, satisfies the needs of the neighborhood, yet deny applicant a license, as was done here, poses a dilemmatic determination upon the horns of which we

dangle in frustration. Imperfection of the determination of an administrative board which leaves no avenue for the court to take in reviewing the matter, and which furnishes no basis upon which to resolve whether the board may or may not be sustained, requires reversal. *McCarthy v. Forbes Painting & Dec. Co.,* 200 Okla. 555, 198 P. (2d) 212.

The findings and conclusion of the licensing authority should not be too uncertain for judicial interpretation. 73 C.J.S., § 237, pg. 606. Administrative hearings should be decided according to the evidence and the law. Findings of fact should be sufficient in content to apprise the parties and the reviewing court of the factual basis of the action of the administrative agency, so that the parties and the reviewing tribunal may determine whether the decision has support in the evidence and in the law. *Geer v. Stathopulos,* 135 Colo. 146, 309 P. (2d) 606; *People ex rel. Fordham Manor Reformed Church v. Walsh,* 244 N. Y. 280, 155 N.E. 575; *New Jersey Bell Tel. Co. v. Communications Workers, etc.,* 5 N. J. 354, 75 Atl. (2d) 721; *Saginaw Broadcasting Co. v. Federal C. Comm.,* 68 App. D. C. 282, 96 F. (2d) 554.

If the conditions for moving and parked cars were persuasive with the licensing authority in denying applicant a license, a matter we are unable to determine from the record, such denial would be without legal justification. Whatever the business use to which the property in question may be put, it will involve to a greater or less degree the same traffic conditions. If it may not be used for one business purpose for this reason, then it should not be used for another, all of which would be destructive of property rights.

The assertion that a license was issued to another person in this area, shortly after the rejection of Presto's application on the ground that the needs of the neighborhood were satisfied, should be explored on the remand of this case. If true, the refusal of a license to Presto would appear to be arbitrary and discriminatory.

To favor one applicant over another is discriminatory and suggests the exercise of an unwarranted and uncontrolled discretion on the part of the licensing authority. *Maurer v. Boggs,* 103 Colo. 72, 82 P. (2d) 1099; *People v. Stanley,* 90 Colo. 315, 9 P. (2d) 288.

The judgment of the district court is reversed and remanded with directions that the cause be remanded to the Manager of Safety and Excise of the City and County of Denver, the licensing authority, for a rehearing anew in all its phases of the application for license.

MR. JUSTICE KNAUSS not participating.

*On Petition for Rehearing.*

The remand is clarified by directing that the rehearing before the Manager relate only to a determination of the issues as originally before him, on the evidence heretofore presented, including evidence of a proposed liquor license for the cocktail lounge in the office building at Seventh and Broadway, and that in so doing the Manager consider and determine the needs of the neighborhood consonant with the views expressed in the opinion.

The mandate is hereby modified and as modified the petition for rehearing is denied.