No. 18,407.

BOARD OF COUNTY COMMISSIONERS OF FREMONT COUNTY
*v.* DORIS I. SALARDINO.

(318 P. [2d] 596)

Decided December 2, 1957.   Rehearing denied December 16, 1957.

Messrs. STINEMEYER & STINEMEYER, for plaintiff in error.

Mr. H. R. HARWARD, for defendant in error.

*En Banc.*

Mr. Justice Hall delivered the opinion of the Court.

The plaintiff in error was defendant in the trial court, and will be referred to herein as the Board; defendant in error was plaintiff, and will be referred to as the Applicant.

On December 20, 1956, the Applicant applied to the Board for a retail liquor store license. The application was in proper form and thereafter notices required by law were properly given and the application set for hearing on February 25, 1957. On that date Applicant and her husband appeared before the Board. It is indicated that a hearing was had, but the record is devoid of any information as to whether witnesses were sworn, testimony taken, or documentary proof offered. At the close of this proceeding, at the request of the Applicant, the matter was continued for final decision until March 12, 1957, and thereafter until May 7, 1957, at which time a *further hearing* was had. A record of this *further hearing* was made by Applicant and is before us. A vote of the Board was taken and the application was denied.

On May 21, 1957, the Applicant filed her complaint herein under Rule 106 (a) (4), R.C.P. Colo., in the nature of certiorari, seeking review of the action of the Board; on the same day an order was entered by the court directing the Board to certify to the trial court a complete record of the proceedings of the Board with reference to the application. A partial record was filed with the trial court and this partial record we now have before us as the record herein. On June 20, 1957, the Board filed its answer to the complaint and alleged, in addition to other matters, that the records of the Board and the record before the trial court did not contain or purport to contain a record of the proceedings of the Board meeting held February 25, 1957.

Motion to strike the Board's answer was filed June 21, 1957, and on the same day denied, and the matter was continued to June 28, 1957, for further hearing, on

which date the trial court entered its findings and conclusions, consisting of some twenty folios, and ordered the Board to issue a license to the Applicant.

On July 6, 1957, the Board filed its motion to set aside the findings and conclusions and for rehearing and new trial, and asked, among other things, that the matter be remanded to the Board for the taking of additional evidence relative to said application and making a record of its proceedings. On July 12, 1957, the trial court entered its order granting the above motion, and therein found that its previous findings of June 28, 1957, were erroneous and should be vacated, and stated: "that there was insufficient evidence, as a matter of law, to direct the issuance of a license as heretofore ordered by the Court," and thereupon set aside and vacated said findings and conclusions and ordered the cause remanded to the Board of County Commissioners of Fremont County: "for re-hearing and the taking of further testimony and evidence, such hearing to be made upon the original application and publication of notice as heretofore had in this cause on behalf of the applicant, the plaintiff herein."

On the 17th day of July, the Applicant filed her Motion for Amendment and Modification of the July 12, 1957, Order; this motion was granted on July 31, 1957, and the trial court issued its further findings and order and directed the Board to issue a license to Applicant.

The Board brings the matter here for review by writ of error.

The trial court did not have before it nor do we have before us a complete record of the proceedings had before the Board of County Commissioners; apparently no such record can be made available. We have no record of what took place on February 25, 1957, the date fixed in the published notice of hearing on the application and, such being the case, the trial court had no means of knowing, nor do we, whether the Board acted properly

424

or arbitrarily and capriciously in denying the application for license.

■ The trial court stated in its findings and conclusions dated June 28, 1957:

"Respecting the rule laid down by the Supreme Court that the applicant must have a fair and impartial trial there was no trial at all, no evidence was taken, there was no discussion or consideration on the merits of the two sets of petitions of the applicant or the opponents."

Such finding does not sanction the court's action in ordering the Board to issue a license, but does sanction the order of July 12th remanding the matter to the Board.

The following remarks of members of the Board shed some light upon the mental processes prevailing in this proceeding:

COMMISSIONER PARKS: "This is not a judicial hearing. All it is, is merely an application by an applicant to be accepted or rejected, as I see it. And if that is not agreeable, then is when you have your judicial questions and answers and all pertaining to the justification of the action of the Board. MR. HARWARD (Attorney for petitioner): In other words, under that view there is no reason for a hearing or determination by the Board? COMMISSIONER ORECCHIO: Absolutely not."

These remarks make it quite apparent that the Board was without complete knowledge of their duties and ignorant of the procedures to be followed in hearing and ruling upon applications for liquor licenses.

■■ However, the fact that the Board had come to understand that no hearing was necessary in such matters does not mean that the Applicant is entitled to a license by default. The law is well settled, that though the sale of liquor in containers is a lawful business, yet it is subject to regulation by the State, and an applicant is entitled to a license only on proof to the licensing authority that he has the required statutory qualifications prerequisite to the granting of a license, and that

the neighborhood sought to be served is not adequately served by other licensed outlets. It is the duty of the Applicant to make out a prima facie case before the licensing authority; having made out a prima facie case, then those opposing the granting of the license should have an opportunity to show cause why the license should not be issued. The licensing authority has a wide discretion in granting or refusing a license, but must not act arbitrarily or capriciously. Its rulings are subject to review by the courts and, if its action in refusing to grant a license is found to be arbitrary or capricious, then the court has the authority, and the duty, to order the license to issue.

There is nothing before us in the present case from which we can determine whether the action of the Board in denying the license was arbitrary. Such being the case, our decision in *Geer v. Presto,* 135 Colo. 536, 313 P. (2d) 980, controls, and the trial court should have remanded the matter back to the Board for further proceedings. The following language from *Geer v. Presto.* supra, is pertinent:

"Where the findings and determination of the administrative authority [the Board] are so imperfect and contradictory as to preclude the trial court from basing a considered judgment thereon, we, being in no better position than the trial judge, have but one course to pursue — we must reverse. * * *. Imperfection of the determination of an administrative board which leaves no avenue for the court to take in reviewing the matter, and which furnishes no basis upon which to resolve whether the board may or may not be sustained, requires reversal. * * *.

" * * * Administrative hearings should be decided according to the evidence and the law. Findings of fact should be sufficient in content to apprise the parties and the reviewing court of the factual basis of the action of the administrative agency, so that the parties and the

reviewing tribunal may determine whether the decision has support in the evidence and in the law. * * *."

The judgment of the district court is reversed and the cause remanded with directions to the trial court to remand the matter to the Board of County Commissioners of Fremont County for hearing on the plaintiff's application and the taking and recording of all testimony, exhibits, and other evidence in support of the application, together with all testimony, exhibits and evidence in opposition to the application; for the making of specific findings of fact as the basis of an order granting or denying the license applied for.