No. 18,944.

COLORADO BANKING BOARD, ET AL. *v.*
DAVID F. FINNIGAN, ET AL.
(336 P. [2d] 98)

Decided March 9, 1959. Rehearing denied March 23, 1959.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. ROBERT L. NAGEL, Assistant, for plaintiffs in error.

Mr. WM. HEDGES ROBINSON, JR., Mr. GEORGE H. TILTON, JR., for defendants in error.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in reverse order of their appearance in the trial court. We refer to the plaintiffs in error as the board and to the defendants in error as the applicants.

Applicants filed with the commission their "Notice of Intention" to organize the "Southwest State Bank," Denver, Colorado, and thereafter on February 21, 1958, filed their application for a charter to which are attached all supporting documents required by statute and many other documents of an evidentiary nature.

On March 24, 1958, the board sent written notice of applicants' request for a charter to twenty-seven banks, supposedly doing business in the community in which applicants' proposed bank is to be located (as required by C.R.S. '53, 14-19-9 [3]). Of those notified, five sent letters to the commission protesting the issuance of a charter and based their objections on the ground that existing facilities adequately served the area and creation of a new bank would likely impair present facilities, and a lack of qualified personnel to operate the proposed bank. These objecting banks were given notice by the commission that they would be given an opportunity "to present your views on the application of the proposed Southwest State Bank."

The record contains the following:

"EXCERPTS FROM MINUTES OF JUNE 5, 1958:

" 'At 2:00 p.m. the Board heard the proponents and objectors of the application for a charter for the Southwest State Bank. The applicants were represented by Mr. David Finnigan and Mr. William Hedges Robinson,

Jr. Appearing to object to the issuance of said charter were the following:

" 'Ross L. Hudson, President, National City Bank, Denver; H. O. Murray, President, Union National Bank, Denver; Mr. Olson, National City Bank, Denver; Mr. Nelson, Union National Bank, Denver; David Golden, President, Security Industrial Bank, Denver; Fred Kirschke, President, Jefferson County Bank, Lakewood; Gale Sellens, Vice-Pres., Jefferson County Bank, Lakewood; Etienne Perenyi, President, North Denver Bank, Denver.

" 'The meeting was held without an official reporter. The concensus of the objectors was that no one contacted by them had complained of a shortage of present banking facilities, that the established banks in the area were well located to serve the same area considered by the applicants, that the existing banks were rendering complete banking services including adequate parking and drive-up facilities and that the existing banks were adequately capitalized to meet the growth of the area. The objectors further indicated they felt a new bank in the proposed area could not be a profitable operation for many years.

" 'The applicants indicated that from their survey of the area, merchants and individuals were desirous of another bank and would patronize it due largely to the inconvenience of driving to existing banks. They presented architects sketches for a modern drive-in bank with generous parking facilities. The applicants also presented a booklet entitled "Supplemental Data" and discussed the material therein — a copy has been filed with the application.

" 'Following a full discussion and questions by members of the Board, the applicants and objectors left the meeting at approximately 4:45 p.m.' "

Also:

"EXCERPTS FROM MINUTES OF JULY 17, 1958:

" 'The minutes of the regular meeting of June 5, 1958 having been mailed in advance to all members were,

upon motion by Mr. Brown, seconded by Mr. Bacon, approved subject to correction of the date in the caption from June 6, to June 5, and to correction of the date set for the July meeting from July 10 to July 17. Motion passed unanimously. * * * The matter of the application for a charter for the proposed Southwest State Bank, Denver, was reviewed and discussed at length. It was moved by Mr. Bacon and seconded by Mr. Brown that the application for the charter for the said Southwest State Bank be denied for the reasons that the addition of the proposed facilities in the community would be detrimental to a sound banking system and that the persons who would serve as directors or officers, insofar as such persons are known are not qualified by experience; that the order hereto attached setting forth the findings of the Board with respect to this application be and the same is hereby made the order of the Board; that the Chairman advise the applicant of the action taken by the Board and that such denial shall be without prejudice to the right of the applicant to file a new application at a later date. Motion passed unanimously.' "

The Board made formal findings, the pertinent portions thereof being:

1. That the area is adequately served and to grant the charter would be detrimental to a sound banking system.

2. The Board further finds and determines that the persons who would serve as directors or officers of the proposed banking facility, insofar as such persons have been made known to the Board, have little or no actual banking experience or experience of the type which would sufficiently qualify them to operate a successful and sound banking facility as required by the laws of the State of Colorado.

The commission denied the application, whereupon applicants sought review in the district court as provided by C.R.S. '53 (Supp.), 14-12-7. The district court ordered the commission to certify and return to the court a full and complete transcript of its records and

proceedings in the matter "that the same may be reviewed by this court." The commission complied with this order and on review the trial court reversed the order of the commission and ordered it to issue the charter. The commission is here by writ of error, seeking reversal of the judgment of the district court.

The commission admits that it failed to proceed lawfully in that no proper hearing was had, no record of the proceedings before the commission made, and findings made which go to matters not proper for its consideration.

■ The record before the trial court and now before us is devoid of information as to what may have transpired at the hearings held June 5, 1958, July 17, 1958, and August 21, 1958. Those hearings clearly contemplated by the law were held for the purpose of giving to all interested persons an opportunity to furnish facts or opinions for the guidance of the commission in the performance of its duties in granting or denying the charter.

Without a full and complete record before us, we cannot pass upon the validity of the board's order denying the charter.

The following language from *Board of County Commissioners v. Salardino,* 136 Colo. 421, 318 P. (2d) 596, is applicable in this case:

" 'Where the findings and determination of the administrative authority [the Board] are so imperfect and contradictory as to preclude the trial court from basing a considered judgment thereon, we, being in no better position than the trial judge, have but one course to pursue — we must reverse. * * *. Imperfection of the determination of an administrative board which leaves no avenue for the court to take in reviewing the matter, and which furnishes no basis upon which to resolve whether the board may or may not be sustained, requires reversal. * * *.

" ' * * * Administrative hearings should be decided according to the evidence and the law. Findings of fact

should be sufficient in content to apprise the parties and the reviewing court of the factual basis of the action of the administrative agency, so that the parties and the reviewing tribunal may determine whether the decision has support in the evidence and in the law. * * *.' [*Geer v. Presto*, 135 Colo. 536, 313 P. (2d) 980.]

"The *judgment of the district court is reversed* and the cause remanded with directions to the trial court to remand the matter to the Board of County Commissioners of Fremont County for hearing on the plaintiff's application and the *taking and recording of all testimony*, exhibits, and other evidence in support of the application, together with all testimony, exhibits and evidence in opposition to the application; *for the making of specific findings of fact as the basis of an order granting or denying the license applied for*." (Emphasis supplied.)

The order of remand above should be the order here, substituting Colorado Banking Board for "the Board of County Commissioners of Fremont County." It is so ordered.

Mr. Chief Justice Knauss not participating.