**Bill J. BARNES, Plaintiff-Appellee,**

v.

**CITY OF WESTMINSTER, a Colorado Home Rule Municipal Corporation, and the Personnel Board of the City of Westminster, Defendants-Appellants.**

No. 84CA1254.

Colorado Court of Appeals, Div. III.

June 26, 1986.

Gene A. Ciancio, P.C., Gene A. Ciancio, Thornton, for plaintiff-appellee.

Thomas V. Holland, City Atty., Linda E. Smoke, Asst. City Atty., Westminster, for defendants-appellants.

METZGER, Judge.

Defendants, the City of Westminster and its personnel board, appeal the judgment of the district court reversing the personnel board's termination of employment of plaintiff, Bill J. Barnes. We reverse and remand.

Barnes, employed as parts specialist for the City of Westminster, was terminated on April 27, 1983, by the city manager. Barnes appealed his termination to the personnel board. After a hearing on July 6, 1983, the city manager sent a letter received by Barnes on August 8, 1983, signed by three of five members of the board, stating that there was sufficient evidence to implicate Barnes in actions "clearly not in the best interest of the City." It concluded that termination was justified pursuant to City of Westminster Personnel Policies, Art XI, § 7.

On September 2, 1983, Barnes filed a complaint in the district court in which he alleged that: (1) he was terminated without cause in violation of the city's personnel

rules; (2) the city's personnel rules are vague and arbitrary in violation of the United States and Colorado Constitutions; (3) the personnel board applied the personnel rules in a vague, arbitrary, and capricious manner, thus abusing its discretion and depriving him of employment without due process of law; (4) he was denied due process in that he was denied an opportunity to respond to the ciry's allegations; (5) he was wrongfully suspended; (6) he was suspended and terminated prior to the outcome of pending criminal proceedings in violation of the United States Constitution; and (7) the City was negligent in its handling of his termination. Barnes prayed for the following relief: (1) a declaratory judgment that the city's personnel rules are constitutionally infirm; (2) reinstatement; (3) back pay; (4) damages for emotional pain and suffering; (5) costs; and (6) any other relief the court deemed proper.

The city filed a motion to dismiss for lack of jurisdiction, arguing that the proper action was review pursuant to C.R.C.P. 106(a)(4). However, finding that the allegations in the complaint were sufficient to state a claim for relief under C.R.C.P. 106(a)(4), the trial court denied the motion and, instead, ordered Barnes to file an amended complaint. The city reserved its right to appeal the jurisdictional issue, and Barnes filed his amended complaint expressly seeking C.R.C.P. 106(a)(4) review.

The trial court, presided over by a different judge, then issued a citation directing the city to certify the record of the termination hearing and to show cause why the relief requested by Barnes should not be granted.

At the C.R.C.P. 106(a)(4) hearing, the trial court held that it had jurisdiction and reversed the personnel board's decision which had terminated Barnes' employment. The court noted that the city had failed to include in the record a copy of the board's decision and a copy of the city's personnel rules. The court refused to allow the city to supplement the record.

Because of the incomplete record, the court found it could not adequately review whether the board had abused its discretion or exceeded its jurisdiction pursuant to C.R.C.P. 106(a)(4). It therefore concluded that the city had failed to sustain its burden to show cause and ordered that Barnes be reinstated with back pay.

I.

Defendants first contend that the trial court erred when it found that Barnes' initial complaint was sufficient to confer jurisdiction pursuant to C.R.C.P. 106(a)(4). We disagree.

C.R.C.P. 106(a)(4) provides in pertinent part that relief may be obtained in the district court "where an inferior tribunal ... has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy." Hence, the issue here is whether Barnes' allegations in his initial complaint, based on tort and constitutional claims, are sufficient to meet these requirements of C.R.C.P. 106(a)(4). We conclude that they are.

Allegations in a complaint should be liberally construed and are sufficient if they give reasonable notice of the general nature of the matter presented. *DiChellis v. Peterson Chiropractic Clinic,* 630 P.2d 103 (Colo.App.1981); *see* C.R.C.P. 8(c). This notice requirement has been construed in the context of a C.R.C.P. 106(a)(4) action to mean that if a complaint contains allegations which would support relief upon any theory of law, then a motion to dismiss cannot be sustained. *Regennitter v. Fowler,* 132 Colo. 489, 290 P.2d 223 (1955).

Although Barnes' initial complaint was couched in the language of tort and constitutional violations, among the allegations were his assertions that his employment had been terminated without cause in violation of the city's personnel rules, and that the personnel board applied these personnel rules in a vague, arbitrary, and capricious manner, thus abusing its discre-

tion. These allegations were sufficient to place defendants on notice of the general nature of the matter presented and to give the court jurisdiction under C.R.C.P. 106(a)(4).

## II.

Defendants next contend that the trial court erred when it refused to allow supplementation of the record. We agree.

After the order to show cause was issued, the burden of providing an adequate record rested upon the city. *See Civil Service Commission v. Doyle,* 174 Colo. 149, 483 P.2d 380 (1971). However, if the city failed to provide a complete record of the proceedings under review, then the appropriate remedy was not dismissal. *See Board of County Commissioners v. Salardino,* 138 Colo. 66, 329 P.2d 629 (1959); *Geer v. Presto,* 135 Colo. 536, 313 P.2d 980 (1957).

Defendants inadvertently failed to give the court a copy of the one-page decision of the personnel board and a copy of the city's personnel rules. The trial court raised this issue on its own motion during the show cause hearing. Defendants tendered the requisite documents at that time, and the record shows that neither party would have been prejudiced or surprised. Under these facts, the trial court's refusal to supplement the record was error.

Accordingly, the judgment is reversed and the cause is remanded to the trial court for entry of an order allowing defendants to supplement the record with the personnel board's decision and the City of Westminster personnel rules, for a new hearing pursuant to C.R.C.P. 106(a)(4), and for such further orders as may be appropriate.

KELLY and SILVERSTEIN *, JJ., concur.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),